JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200          Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
          bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JAMES | Case No.  C 11 01303 PJH |
| Plaintiff, | **STIPULATION AND [~~PROPOSED~~] ORDER RELEASING CELLULAR PHONE DATA IN POSSESSION OF SAN FRANCISCO POLICE DEPARTMENT.** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and, San Francisco police officers DOES 1-25, inclusive, | |
| Defendants. | |

## STIPULATION

1.      Plaintiff COREY JAMES was arrested by San Francisco Police Department officers on February 11, 2010 and this lawsuit arises out of that incident.

2.      The San Francisco Police Department also arrested Amir Hussayn during the subject-incident.  The arrests of Plaintiff and Mr. Hussayn are referenced in the same incident report as San Francisco Police Department Incident No. 100140861.

3.      San Francisco Police Department Officers recovered a cellular phone with video recording capacity from Amir Hussayn following his arrest.  It is the understanding of Plaintiff and the San Francisco Police Department that Mr. Hussayn may have videotaped some of the incident on his phone.

4.      The San Francisco Police Department placed the cellular phone seized from Amir Hussayn in evidence storage following the subject-incident.

6.      If Mr. Hussayn's phone contains video footage of the subject-incident, such is relevant discovery in the instant litigation.

7.      Defendant City and County of San Francisco believes that Mr. Hussayn may have privacy rights with regard to the contents of his phone.

8.      Plaintiff's counsel has attempted to locate Mr. Hussayn, but has been unsuccessful thus far.

9.      Plaintiff seeks an order from this court allowing the parties to copy and view the video footage, if any, on Mr. Hussayn's phone. Plaintiff has previously requested through a Request for Production of Documents served on Defendant CITY the video footage of the incident on Mr. Hussayn's cellular phone, to which Defendants objected and refused to produce on the basis that it called for documents protected by the right of privacy of third parties, and documents not within the control of the City and County of San Francisco.  Plaintiff seeks this order of the court allowing release of the cellular phone data.  Plaintiff's position is that the California Supreme Court recently ruled in *People v. Gray*, 51 Cal.4th 84, 244 P.3d 501, 502, Cal., January, 2011, that warrantless data searches of a suspect's cellular phone seized from the suspect incident to a lawful custodial arrest, such as the cellular phone seized from Mr. Hussayn, are valid.  The cellular phone in question has been in the possession of Defendant CITY since Mr. Hussayn's arrest.  Plaintiff believes that *Gray* supports an order from the court permitting release of the phone.

10.  The City does not oppose Plaintiff's request for release of the cellular phone data, but does not stipulate to the order, as it does not believe that its stipulation is pertinent to any determination that the Court must make to issue an order of release.  However, the City requests that if the Court orders release, the Court shall authorize release of the phone to a third party mutually agreed upon by the plaintiff and defendant, who has the knowledge and expertise to extract and copy video from the phone.  The third party shall then provide copies of the video to all counsel and the court.  Per the Court's discussion at the Case Management, the parties can coordinate with the Court a time for joint viewing of the video footage.

1

2

**Respectfully Submitted,**

3

**THE LAW OFFICES OF JOHN L. BURRIS**

4

5     Dated:  September 27, 2011            */s/ Benjamin Nisenbaum*

6                                          Benjamin Nisenbaum
                                           Attorney for Plaintiff
7

8

9

10                                         DENNIS J. HERRERA, City Attorney
                                           JOANNE HOEPER, Chief Trial Deputy
11                                         MARGARET M. BAUMGARTNER,
                                           Deputy City Attorney
12

13    Dated:  September 27, 2011            */s/ Margaret W. Baumgartner*

14                                         Margaret W. Baumgartner, Deputy City Attorney
                                           Attorney for Defendants
15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND ORDER RE: CELLULAR PHONE DATA IN POSSESSION OF SAN FRANCISCO POLICE
DEPARTMENT
Case No. C 11-01303 PJH

3

**[P~~ROPOSED~~]** <u>ORDER</u>

For good cause appearing, the Court hereby orders the San Francisco Police Department to release the phone seized from Amir Hussayn on February 11, 2010, referenced in San Francisco Police Department Incident No. 100140861, to a third party mutually agreed upon by plaintiff and defendant, who shall have expertise in copying video from such phone.  The third party shall make three copies of the video from the phone, and provide one copy each to counsel for plaintiff, counsel for defendant, and to the Court.  The third party shall then return the phone to the San Francisco Police Department, who shall return it to the evidence room.  The parties shall contact the Court to arrange a mutually agreeable time and date for viewing of the video footage.

DATED: <u>9/29/11</u>



_____
HONORABLE PHYLLIS J. HAMILTON
United States District

IT IS SO ORDERED
Judge Phyllis J. Hamilton